# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARIO P. CHAPLE**<br>    **Apt. 604**<br>    **2144 California St. N.W.**<br>    **Washington, DC 20008-1824**<br><br>                                 *Plaintiff*<br>    **v.**<br><br>**MICHAEL O. LEAVITT**<br>    **Administrator, United States**<br>    **Environmental Protection Agency**<br>    **1200 Pennsylvania Ave. N.W.**<br>    **Washington, DC 20460**<br><br>                                *Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT
### (Employment Discrimination and Reprisal)

### Introduction

1. Plaintiff Mario P. Chaple brings this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-16(c), alleging that he has been and continues to be subjected to on-the-job discrimination based on his national origin (Cuban/Puerto Rican) and has been subject to retaliation at work for his having complained about such racial discrimination through the equal employment opportunity process.

### Jurisdiction

2. This Court has jurisdiction over the subject matter of this civil action

pursuant to 42 U.S.C. 2000e-16(c).  Plaintiff has fully exhausted his available
administrative remedies by lodging formal administrative complaints of employment
discrimination with the appropriate office of the U.S. Environmental Protection Agency
more that 180 days before filing this civil action without the U.S. Environmental
Protection Agency  issuing a final agency decision with respect to the formal
administrative complaint of racial discrimination and reprisal.  Portions of this complaint,
specifically certain of the allegation contained in paragraphs seven through twelve,
have been filed with the U.S. Equal Employment Opportunity Commission (EEOC Case
No. 100-A2-7357X) more than 180 days before filing this civil action without the U.S.
Equal Employment Opportunity Commission  issuing a decision with respect to the
formal administrative complaint of  national origin discrimination and reprisal.

### Venue

3.  Venue is proper in this judicial district as the conduct giving rise to the claim
made herein occurred at the headquarters of the U.S. Environmental Protection Agency,
which is located in Washington, D.C.  Further, at all times relevant to this complaint,
plaintiff worked for the U.S. Environmental Protection Agency in this district and
defendant's personnel records are maintained here.

### Parties

4.  Plaintiff Mario P. Chaple (hereinafter "Mr. Chaple" or "plaintiff") is
a Hispanic-American citizen of the United States, of Cuban and Puerto Rican ancestry,
and a resident of the District of Columbia.  He was employed by the U.S. Environmental
Protection Agency from February 14, 1999 until January 2, 2004.   At all times relevant to
the allegations contained in this complaint, he was a Contract Specialist (Team Leader)
GS-1102-14  at the U.S. Environmental Protection Agency.

5.  Defendant Michael O. Leavitt is the Administrator of the Environmental

Protection Agency (hereinafter "EPA") and, as such, is the head of that organization, which is an independent agency within the Executive Branch of the government of the United States that has had more than 500 employees in at least 20 calendar weeks in each year prior to 1995. As such, Mr. Leavitt is responsible for the personnel actions, omissions and practices within EPA. He is sued in his official capacity as Administrator of EPA.

### Statement of Facts

6.   Mr. Chaple worked as a Contract Specialist (Team Leader) in Superfund/RCRA Procurement Operations Division ("SRRPOD"), Office of Acquisition Management ("OAM"), Office of Administration and Resources Management ("OARM") at EPA Headquarters. The discrimination complained herein occurred while Mr. Chaple was in his positions within SRRPOD in the Program Management and Regional Coordination Service Center ("PMRCSC") and the Superfund Contracts Service Center ("SCSC"). Both positions are located within SRRPOD. At all times relevant to this complaint, Mr. Chaple was a GS 1102/14.

7.   Within months of his arrival at EPA, in July 1999, Mr. Chaple raised concerns regarding discriminatory practices in OAM, specifically challenging the use of non-competitive accretion of duties and details to fill GS-15 level positions in contravention of merit promotion principles and having the purpose and effect of not allowing all interested employees from applying for these positions. In October 2000, Mr. Chaple attended a diversity conference held by OARM Deputy Director, Mr. David O'Connor, and again raised concerns regarding discriminatory practices in OAM, in particular that use of the multiple accretion of duties within OAM. In January 2001, Mr. Chaple raised concerns regarding the assignment of an employee into his team and the conduct of non-competitive details to OAM and SRRPOD management.

8.   Through the acts, omissions and conduct of: Ms. Judy S. Davis, OAM

3

Director;  Mr. Harvey L. Patterson, former SRRPOD Director;  Ms.Yvette Garner,

SRRPOD Director; and Mr. Joseph Waddell,  PMRCSC Service Center Manager,

defendant discriminated against Mr. Chaple while an employee within SRRPOD, on the

basis of his national origin and in retaliation for protected EEO activity.   Discrimination

to which plaintiff has been subjected includes:

   a.  non-selection for details and reassignments, lateral and to higher grade,  within

   OAM;

   b.  non-selection for promotion within OAM;

   c.  removal as co-chair from a highly visible nation-wide workgroup for future

   contracting actions;

   d. reassignment to a less desirable service center and under a different first-line

   supervisor while similarly situated employees significantly less time in grade were

   allowed to select their service center and supervisor  in SRRPOD;

   e.  requirement to provide excessive medical documentation when anticipating

   taking a period of  medical leave, though having 1474 hours of available sick

   leave, while similarly situated employees with significantly less leave were not

   required to provide such documentation;

   f.  requirement  to "act" frequently in a supervisory position without appropriate

   compensation, while similarly situated employees were given noncompetitive

   accretions of duties and/or details when undertaking such activities;

   g. not being allowed to work a flex-time schedule, while similarly situated

   employees were allowed to do so and/or arrive and depart at times not in

   accordance with their scheduled hours,  often without completing a full day of

   work or submitting a leave request;

   h.  denial of the opportunity to complete for a GS-15 position which was

   improperly filled by a non-competitive accretion of duties in contravention of

4

merit promotion principles;

i. constant harassment and excessive scrutiny, which created a hostile work environment; and

j. failure to recognize accomplishments and customer service commendations.

9. In early 2001, Mr. Chaple filed an informal and then formal EEO complaint alleging discrimination on the basis of the treatment being accorded him by Mr. Harvey L. Patterson and Ms. Judy S. Davis, specifically regarding his exclusion from higher level positions through the improper use of accretion of duties and extended details in contravention of merit promotion principles. Since that time, he has been subjected to a continuing pattern of harassment and reprisal.

10. In July 2001, Harvey Patterson, with the concurrence of Judy Davis, removed Mr. Chaple from a national workgroup, of which he was assigned co-chair prior to the commencement of his EEO activity. This removal occurred without cause, despite the fact that Mr. Chaple was carrying out the assignment in a highly professional and successful manner. Further Mr. Chaple's first-line supervisor, who was pleased with his performance, objected to his removal from the workgroup. Plaintiff filed both informal and formal EEO complaints challenging this action.

11. Additionally, on or about June 2001 Mr. Chaple applied for a promotion to GS-15 service center manager position in SRRPOD for which he was qualified. At the time the position vacancy was announced, its functions were being performed by a GS 1102/14 employee, pursuant to a noncompetitive detail to a higher graded position exceeding 120 days, in contravention of EPA's merit promotion policy. The agency selected the incumbent without interview and without serious consideration of plaintiff's application. Plaintiff believes that he was denied this position due to the issues raised in his administrative complaints, as well as in retaliation for having filed such complaints. Despite the fact that he was qualified, he was neither considered nor interviewed by Ms.

5

Davis and Mr. Patterson, the selection officials.

12. At all times subsequent to filing his first EEO complaint with the agency, referenced above, until Mr. Patterson was transferred from his position of SRRPOD Director to the position of Associate Director for Competition and Strategic Planning in the Office of Grants and Debarment effective August 11, 2003, Mr. Chaple was subjected to a hostile work environment by Mr. Patterson. Mr. Patterson unfairly and excessively criticized plaintiff's work performance, character and loyalty to his employer, in private and publicly throughout the agency, both orally and in writing.

13. In December 2002, Mr. Chaple's supervisor Celia Vaughn, who had been supportive of Mr. Chaple, was reassigned as part of a SRRPOD realignment. As a result, she was no longer plaintiff's first-line supervisor and Mr. Chaple was assigned to work under the supervision of Joseph Waddell. Mr. Chaple requested reassignment to Ms. Vaughn's supervision. The request was denied, without reason, and Mr. Chaple was involuntarily reassigned. During this realignment, no other similarly situated SRRPOD employee was involuntarily reassigned. All others were asked to concur in any reassignment and their preferences for assignment or remaining with previous first-line supervisors were accommodated. Mr. Chaple filed an EEO complaint relating to this reassignment.

14. Prior to his reassignment in December 2002, Mr. Chaple had spoken to his physician concerning problems resulting from ongoing discrimination against him by the agency. This physician, who had been treating Mr. Chaple for some time, suggested that he may need to take a period of medical leave and scheduled an appointment for January 10, 2003 to evaluate his condition. Mr. Chaple informed his future supervisor, Mr. Waddell, of the scheduled appointment, and told him that the purpose of the appointment was to evaluate the need for some period of medical leave. Prior to any leave being requested and before his medical appointment, Mr. Waddell told Mr. Chaple to provide

6

significant excessive private medical documentation, including clinical findings, laboratory test results, and impact of medical condition. Mr. Waddell further informed plaintiff that he would require a second medical opinion before acting on any request for extended sick leave. Mr. Waddell further told Mr. Chaple in writing that he would need medical documentation for any sick leave. This occurred weeks after having spoken to an EEO Counselor with regard to the pending reassignment. Mr. Chaple at the time had approximately 1474 hours of available sick leave and 240 hours of annual leave. Similarly situated employees throughout EPA are not required to provide the documentation demanded of Mr. Chaple in connections with requests for sick leave.

15. Mr. Chaple continued to seek the opportunity to apply for and fairly compete for GS-15 positions for which he was well qualified. The agency continues to fill such positions through accretion of duties assignments and/or excessively long details in contravention merit promotion principles. In August 2003, plaintiff learned that yet another GS-15 position for which he would have been eligible to compete was filled by an accretion of duties assignment, depriving him of this opportunity.

16. Due to continuous harassment by OAM officials as result of EEO complaints filed by plaintiff over the past three years, excessive scrutiny of his work product, and denial of promotional opportunities, including details in higher grade, Mr. Chaple was forced to accept an "early out/buyout" offer provided to GS 14 and GS 15 employees with the EPA.

## STATEMENT OF CLAIM

**Claim I – National Origin Discrimination:**

17. Mr. Chaple is a Hispanic American of Cuban and Puerto Rican ancestry. The treatment afforded Mr. Chaple by his second-line supervisor Mr. Patterson, as set forth above (8. a-b), constitutes unlawful national origin discrimination by the defendant against the plaintiff, and as such, is a violation of Title VII of the Civil Rights Act of 1964, as amended.

7

**Claim II – Retaliation:**

18.  The treatment afforded Mr. Chaple, as set forth above, by Mr. Patterson, Ms. Davis, Ms. Garner and Mr. Waddell, was an act of unlawful retaliation because he filed and continues to pursue his complaint of national origin and reprisal in the treatment accorded him while employed in OAM/SRRPOD.

19.  As a direct and proximate result of the defendant's unlawful retaliation, Mr. Chaple has suffered and continues to suffer economic loss, lost pay and bonuses and other benefits, lost career opportunities and career damage, physical and emotional damage, and both personal and professional humiliation.

### Prayer for Relief

Wherefore, plaintiff prays that this Court enter judgment in his favor against defendants on claims brought herein and provide him with the following relief:

(a) enter judgment in his favor against defendant on each of the claims contained in this civil action;

(b) award plaintiff compensatory damages against defendant to the fullest extent allowable under Title VII (with interest thereon);

(c)  order defendant to reinstate plaintiff  in a retroactive GS 15 position effective January 2001;

(d) order defendant to appropriately recognize plaintiff's accomplishments as a team leader in SRRPOD;

(e) enjoin the defendant from discriminating or retaliating against plaintiff in the future;

(f) award plaintiff his costs of bringing and maintaining this civil action and prior legal costs associated with his EEO complaints and the administrative charges that preceded it, including reasonable attorney's fees, pursuant to 42 U.S.C. Sec. 2000e-5 (k);

8

(g) award such other and further relief as the court may deem just and

appropriate.

Jury Demand

Plaintiff hereby requests a jury trial on all issues of fact and damage.

Respectfully submitted,

Linda Hanten, DC Bar No. 384687
Cecil C. Harrigan, DC Bar No.384689
Harrigan & Hanten, PC
1642 R Street, NW
Washington, DC  20009

Counsel for Plaintiff

9